In the United States District Court
Eastern District of Arkansas
Western Division

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 04 2017

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

Rickey Don Higgins, on behalf of himself
and others similarly situated

Plaintiff

v.                    Case No. 4:17-cv-794-JLH

Riable Law Firm, Inc. d/b/a Riable Law Firm
Mark Justin Riable                    Defendants

## Class Action Complaint

1.    Defendants attempted to collect a consumer debt from Plaintiff Rickey Don Higgins and other consumers through dunning letters, but failed to provide him and other consumers with the debt-collection notice required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-506(b)(11), and the verification-rights notice required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-508.

### Jurisdiction

2.    Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

3.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), Ark. Code Ann. §

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Deere_

17-24-501, *et seq.*, in their illegal efforts to collect a consumer debt from Rickey Don Higgins and class members.

4.    Venue is proper in this District because the acts and transactions occurred here, Rickey Don Higgins resides here, and Defendants transact business here.

5.    Defendants have transacted business within Arkansas by attempting to collect this debt from Rickey Don Higgins using litigation, while he was located within and permanently residing within Arkansas.

## Parties

### *Plaintiff Rickey Don Higgins*

6.    Rickey Don Higgins is a citizen of Arkansas, residing in Saline County, Arkansas.

### *Defendant Riable Law Firm, Inc. d/b/a Riable Law Firm*

7.    Riable Law Firm, Inc. d/b/a Riable Law Firm ("Riable Law Firm"), is a domestic for profit corporation organized under Arkansas law operating from 9710 Interstate 30, Little Rock, AR 72209.

8.    Riable Law Firm is a law firm.

9.    The FDCPA and the AFDCPA apply to "lawyers engaged in litigation."[1]

---

[1] *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 295 (1995).

10.  Riable Law Firm is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

11.  The term "debt collector" has two prongs:

   a.  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

   b.  any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.[2]

12.  Riable Law Firm uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

13.  Riable Law Firm regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another, including JMC Leasing Specialties, LLC (JMC Leasing Specialties).

14.  Riable Law Firm attempts to collect consumer debt for JMC Leasing Specialties by mailing dunning letters like the ones attached to this Class Action Complaint as Exhibits 1-2.

15.  Riable Law Firm filed over 100 civil actions in the Circuit Court of Pulaski County, Arkansas in the twelve months preceding the filing of this

---

[2] 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

3

Class Action Complaint to collect a consumer debt for JMC Leasing Specialties.

16.    Riable Law Firm also filed additional civil actions in the District Court of Pulaski County, Arkansas in the twelve months preceding the filing of this Class Action Complaint to collect a consumer debt for JMC Leasing Specialties.

### Defendant Mark Justin Riable

17.    Defendant Mark Justin Riable (Mark Riable) is an attorney licensed to practice in Arkansas and practices law with, for, and at the Riable Law Firm.

18.    The FDCPA and the AFDCPA apply to "lawyers engaged in litigation."[1]

19.    Mark Riable is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

20.    The term "debt collector" has two prongs:

    a.    any person who uses any instrumentality of interstate

        commerce or the mails in any business the principal purpose

        of which is the collection of any debts; or

---

[1] *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 295 (1995).

4

b. any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.·

21. Mark Riable uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

22. Mark Riable regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another, including JMC Leasing Specialties, LLC (JMC Leasing Specialties).

23. Mark Riable attempts to collect debt consumer debt for JMC Leasing Specialties by mailing dunning letters like the ones attached to this Class Action Complaint as Exhibits 1 and 2.

24. Mark Riable filed over 100 civil actions in the Circuit Court of Pulaski County, Arkansas in the twelve months preceding the filing of this Class Action Complaint to collect a consumer debt for JMC Leasing Specialties.

25. Mark Riable also filed additional civil actions in the District Court of Pulaski County, Arkansas in the twelve months preceding the filing of this Class Action Complaint to collect a consumer debt for JMC Leasing Specialties.

---

· 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

## Factual Allegations Concerning Rickey Don Higgins

26.    Within one year immediately preceding the filing of this pleading, Defendants attempted to collect from Rickey Don Higgins a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term in defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a debt for an auto lease or loan.

27.    On July 17, 2015, Rickey Don Higgins and Donna Higgins, then husband and wife, signed a Motor Vehicle Lease Agreement to lease a 2004 Chevrolet Tahoe LS from Affordable Rent to Own, a lessor of cars located in Saline County, Arkansas.

28.    The Motor Vehicle Lease Agreement was assigned to JMC Leasing Specialties, and the Higgins began making their lease payments to JMC Leasing Specialties.

29.    On February 19, 2016, Rickey Don Higgins filed for divorce from Donna Higgins in the Circuit Court of Saline County, Arkansas.

30.    Under the Property Settlement Agreement and Divorce Decree, Donna Higgins became solely responsible for the debt of the 2004 Chevrolet Tahoe LS.

31.    Donna Higgins, however, stopped making the lease payments on the 2004 Chevrolet Tahoe LS.

32.    JMC Leasing Specialties retained Defendants to collect the delinquent balance of the lease in the amount of $11,433.93.

33.   On December 5, 2016, Defendants mailed a dunning letter to Rickey Don Higgins, threatening to file a lawsuit against himgarnish his wages, or execute on his personal property if payment arrangements were not made with Shawna Nolan at the Riable Law Firm.

34.   Rickey Don Higgins received the December 5, 2016, dunning letter.

35.   The December 5, 2016, dunning letter was the initial written communication with Rickey Don Higgins and failed to disclose that Defendants were debt collectors attempting to collect a debt and that any information obtained would be used for that purpose.

36.   Defendants failure to disclose in the December 5, 2016, dunning letter, that they were debt collectors attempting to collect a debt and that any information would be used for that purpose violates the debt-collection notice provisions of the FDCPA, 15 U.S.C. § 1692e(11), and the AFDCPA, Ark. Code Ann. § 17-24-506(b)(11).

37.   The December 5, 2016, dunning letter was the initial communication with Rickey Don Higgins and it did not contain a statement that (a) unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector; (b) if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any

---

portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (c) upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38.   Defendants failure to include a statement in in the December 5, 2016, dunning letter, that (a) unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector; (b) if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (c) upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor violated the verification-rights notice provisions of the FDCPA, 15 U.S.C. § 1692g, and the AFDCPA, Ark. Code Ann. Ark. Code Ann. § 17-24-508.

39.   Rickey Don Higgins never received a written notification from Defendants containing: (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the consumer,

within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector; (d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (e) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40.   Defendants failure to provide Rickey Don Higgins a written notification within five days of their initial communication with him containing (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector; (d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (e) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the

original creditor, if different from the current creditor, violated the verification-rights notice provisions of the FDCPA, 15 U.S.C. § 1692g, and the AFDCPA, Ark. Code Ann. Ark. Code Ann. § 17-24-508.

41.    On January 12, 2017, Defendants filed a civil action for JMC Leasing Specialties in an attempt to collect the delinquent balance on the auto lease against Rickey Don Higgins and Donna Higgins in the Circuit Court of Pulaski County, Arkansas.

42.    Rickey Don Higgins has filed an answer to in the state court .

43.    Rickey Don Higgins retained counsel, became contractually obligated to pay his attorney's fees, did pay attorney's fees in connection with defending the state-court debt-collection civil action filed by Defendants for JMC Leasing Specialties.

44.    On January 20, 2017, Defendants sent a second dunning letter to Rickey Don Higgins, which threatened that a legal action resulting in a judgment being entered against him for the delinquent lease payments, late charges, and attorney fees, adverse credit effects, garnishment of wages and bank accounts, and the seizure of his property, if he did not pay 75% of the balance of the $11,433.93 by March 31, 2017.

45.    The January 20, 2017, dunning letter failed to disclose that it was a communication from debt collectors.

46.    Defendants failure to disclose in the January 20, 2017, dunning letter, that they were debt collectors attempting to collect a debt and that any information would be used for that purpose violates the debt-collection

10

notice provisions of the FDCPA, 15 U.S.C. § 1692e(11), and the AFDCPA, Ark. Code Ann. § 17-24-506(b)(11).

### *Factual Allegations Concerning Defendants' Practices in General*

47. Defendants regularly attempt to collect debts that are incurred for personal, family or household purposes, from individuals who are Arkansas citizens and who reside in Arkansas and who have defaulted on lease agreements for automobiles with JMC Leasing Specialties.

48. Prior to filing lawsuits to collect these debts for JMC Leasing Specialties, Defendants attempt to collect debts through dunning letters that fail to disclose that Defendants were debt collectors attempting to collect a debt and that any information obtained would be used for that purpose.

49. Defendants attempt to collect debts through these dunning letters that fail to disclose to consumers that Defendants were debt collectors attempting to collect a debt and that any information obtained would be used for that purpose violates the debt-collection notice provisions of the FDCPA, 15 U.S.C. § 1692e(11), and the AFDCPA, Ark. Code Ann. § 17-24-506(b)(11).

50. Prior to filing lawsuits to collect these debts for JMC Leasing Specialties, Defendants attempt to collect debts through dunning letters but never provide consumers a written communication within five days of their initial communication with the consumer a written notification containing (a) the amount of the debt; (b) the name of the creditor to whom the debt is

11

owed; (c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector; (d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (e) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51.  Defendants attempt to collect debts while never providing consumers a written notification within five days of their initial communication with the consumer containing (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector; (d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (e) a statement that upon the consumer's written request

12

within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, violates the verification-rights notice provisions of the FDCPA, 15 U.S.C. § 1692g, and the AFDCPA,. Ark. Code Ann. § 17-24-508.

### Class Action Allegations

52.   Plaintiff Rickey Don Higgins brings this claim on behalf of two classes, the Debt-Collection Notice Class and the Verification-Rights Notice Class under Fed. R. Civ. P. 23(a) and (b)(3).

#### The Debt-Collection Notice Class

53.   The Debt-Collection Notice Class consists of all individuals in Arkansas who, in the year preceding the filing of this complaint received a letter from the Riable Law Firm and Mark Riable that:

(1) stated Defendants represented JMC Leasing Specialties,

(2) requested payment for a delinquent balance on a lease agreement, and

(3) did not state that Defendants were debt collectors attempting to collect a debt and that any information obtained would be used for that purpose.

54.   The Debt-Collection Notice Class is so numerous that joinder of all members is not practicable.

55.   On information and belief, there are hundreds, if not thousands of putative class members in the Debt-Collection Notice Class.

13

56.    There are questions of law and fact common to class members, which common questions predominate over any questions relating to individual class members, including (a) whether Defendants' conduct violates the FDCPA, 15 U.S.C. § 1692e(11), (b) whether Defendants' conduct violated the AFDCPA, Ark. Code Ann. § 17-24-506(b)(11), (c) whether Defendants' dunning letters contain the debt-collection notices required by the FDCPA, 15 U.S.C. § 1692e(11), and (d) whether Defendants' dunning letters contain the debt-collection notices required by the Ark. Code Ann. § 17-24-506(b)(11).

57.    Rickey Don Higgin's claims are typical of the claims of the Debt-Collection Notice Class members as all are based on the same factual and legal claims.

58.    Rickey Don Higgins will fairly and adequately represent the class members.

59.    Rickey Don Higgins has retained counsel experienced in class actions, including class action brought under the FDCPA and the AFDCPA.

60.    A class action is superior for the fair and efficient adjudication of this matter because (a) individual actions are not economically feasible, (b) members of the Debt-Collection Notice Class are likely unaware of their rights under the FDCPA and the AFDCPA, (c) Congress and the Arkansas Legislature intended class actions to be the principal enforcement mechanism under the FDCPA and the AFDCPA, respectively.

*The Verification-Rights Notice Class*

61. The Verification-Rights Notice Class consists of all individuals in Arkansas who, in the year preceding the filing of this complaint received a letter from the Riable Law Firm and Mark Riable that:

(1)   stated Defendants represented JMC Leasing Specialties,

(2)   requested payment for a delinquent balance on a lease agreement, and

(3)   did not receive within five days of the initial communication with Defendants a written notification containing:

    (a)   the amount of the debt;

    (b)   the name of the creditor to whom the debt is owed;

    (c)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector;

    (d)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e)   a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

62.   The Verification-Notice Class is so numerous that joinder of all members is not practicable.

63.   On information and belief, there are hundreds, if not thousands of putative class members in the Verification-Rights Notice Class.

64.   There are questions of law and fact common to class members, which common questions predominate over any questions relating to individual class members, including (a) whether Defendants' conduct violates the FDCPA, 15 U.S.C. § 1692g, and (b) whether Defendants' conduct violated the AFDCPA, Ark. Code Ann. § 17-24-508, (c) whether Defendants provided the verification-rights notice meeting the requirements of 15 U.S.C. § 1692g at the time of the initial communication with the consumer or within five days of the initial communication with consumer and (d) whether Defendants provided the verification-rights notice meeting the requirements of the AFDCPA, Ark. Code Ann. § 17-24-508, at the time of the initial communication with the consumer or within five days of the initial communication with consumer.

65.   Rickey Don Higgin's claims are typical of the claims of the Verification-Rights Notice Class members as all are based on the same factual and legal claims.

66.   Rickey Don Higgins will fairly and adequately represent the class members.

67.   Rickey Don Higgins has retained counsel experienced in class actions, including class action brought under the FDCPA and the AFDCPA.

68.   A class action is superior for the fair and efficient adjudication of this matter because (a) individual actions are not economically feasible, (b) members of the Verification-Rights Notice Class are likely unaware of their rights under the FDCPA and the AFDCPA, (c) Congress and the Arkansas Legislature intended class actions to be the principal enforcement mechanism under the FDCPA and the AFDCPA, respectively.

### *Summary*

69.   Defendants' failure to provide the debt-collection and verification-rights notices required by the FDCPA and the AFDCPA materially misled Rickey Don Higgins as to his rights under the FDCPA and the AFDCPA, and which affected and frustrated Rickey Don Higgins', the Debt-Collection Notice Class Members', and the Verification-Rights Class Members' ability to intelligently respond to Defendants' collection efforts.

70.   All of the communications as alleged herein by Defendants constitute false and deceptive communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

17

### *Respondeat Superior Liability*

71.    The acts and omissions of Defendants and other debt collectors employed as agents by Defendants, who communicated with Rickey Don Higgins, the Debt-Collection Notice Class Members, and the Verification-Rights Class Members, and others as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Riable Law Firm and Mark Riable.

72.    The acts and omissions by Defendants and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

73.    By committing these acts and omissions against Rickey Donn Higgins, the Debt-Collection Notice Class members, and the Verification-Rights Class members, Defendants and other debt collectors were motivated to benefit their principals, Riable Law Firm and Mark Riable

74.    Defendants are therefore liable to Rickey Don Higgins, the Debt-Collection Notice Class Members, and the Verification-Rights Class Members.

### **Standing**

75.    Rickey Don Higgins has standing under Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein,

and his injury in fact is likely to be redressed by a favorable judicial decision in this Court.

76.   Rickey Don Higgins' injury in fact is both particular and concrete because he suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

77.   The FDCPA and the AFDCPA recognize a consumer's rights and redress for violations of those rights, including the right to be notified that they are being contacted by a debt collector in order to collect a debt. The disclosures required by 15 U.S.C. § 1692e(11) represents Congressional judgment that failure to receive such required disclosures is sufficient to confer standing. Section 1692e(11) provides consumers with a congressionally established right as to basic information about the identity of the party contacting them.

78.   The FDCPA and the AFDCPA recognize a consumer's rights and redress for violations of those rights, including the verification rights required by 15 U.S.C. § 1692g. The failure to give a consumer an accurate section 1692g notice is particularized because it is caused by the debt collector's failure to provide the required section 1692g notice to the consumer. That deprivation is also an injury in fact. A violation of 15 U.S.C. § 1692g represents congressional judgment that this injury is sufficient to confer standing. In adequate or absent section 1692g notices deprive consumers of their right to basic information needed to assess the debt collector's legitimacy and the accuracy of the amount of debt claimed.

19

79.   Rickey Don Higgins has standing because he has suffered actual damages by incurring legal fees to defend against the debt at issue.

## Causes of Action

### *Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

80.   Rickey Don Higgins incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81.   The foregoing acts and omissions of Defendants and their agents constitute violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e(11), and 1692g, with respect to Rickey Don Higgins, the Debt-Collection Notice Class, and the Verification-Rights Class.

82.   As a result of Defendants' violations of the FDCPA, Rickey Don Higgins, the Debt-Collection Notice Class Members, and the Verification-Rights Class Members are entitled to actual damages under 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Defendants.

### *Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

83.   Ricky Don Higgins incorporates by reference all of the above paragraphs of this Complaint as though fully state herein.

84.   The foregoing acts and omissions of Hood & Stacy and its agents constitute numerous and multiple violations of the AFDCPA including, but not limited to, including but not limited to Ark. Code Ann. §§ 17-24-

20

506(b)(11) and 17-24-508, with respect to Rickey Don Higgins, the Debt-Collection Notice Class Members, and the Verification-Rights Notice Class Members.

85.   As a result of Defendants violations of the AFDCPA, Rickey Don Higgins, the Debt-Collection Notice Class Members, and the Verification-Rights Notice Class Members are entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants.

## Jury Demand

86.   Rickey Don Higgins demands a trial by jury.[*]

## Prayer for Relief

87.   Plaintiff Rickey Don Higgins prays that judgment be entered against Defendants for actual damages, statutory damages, costs of litigation and attorney's fees, and for other such relief as may be proper and just.

By: _____

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP

---

[*] U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

**Riable Law Firm**
9710 Interstate 30
Little Rock, Arkansas 72209
(501) 492-7042
Fax (501) 904-2428
mark@riablelawfirm.net

December 5, 2016

RICKEY HIGGINS
602 W MAIN
TRASKWOOD, AR 72167

▓▓▓▓▓▓▓▓▓

Re:     Breach of Lease Agreement with JMC Leasing Specialties, LLC

Dear RICKEY HIGGINS ,

        Please be advised of my representation of JMC Leasing Specialties, LLC.

        You entered into a Lease Agreement on 07-17-2015 for the lease of an automobile with JMC and breached the terms of the Lease.

        Our records reflect that you have a delinquent balance in the amount of $11433.93.

        Please contact Shawna Nolan at 501-492-7042 to make payment arrangements.

        Should we fail to hear from you in a timely manner, my only alternative is to file suit and seek a Judgment which could result in the garnishment of your wages or execution against your personal property.

Sincerely,

**RIABLE LAW FIRM**

*Mark Custur Raible*

Mark J. Riable

c: file

Class Action Complaint:
Exhibit 1

**RIABLE LAW FIRM**
**P.O. Box 3701**
**LITTLE ROCK, AR 72203**

January 20, 2017

RICKEY HIGGINS
602 W MAIN
TRASKWOOD, AR 72167

RE:     Acct #: ▮▮▮▮▮▮▮▮
        Balance: $11433.93

Dear RICKEY HIGGINS:

JMC is currently reviewing your account for legal action, which could result in a court judgment being entered against you for your delinquent lease payments, late charges and attorney fees. Once a judgment is entered, there will be a record of your nonpayment, which can affect your credit, and there will be a number of collection options available to JMC.  These options include garnishment of your wages and bank accounts, and seizure of your property.

You can avoid this by contacting JMC immediately as there are options available to you rather than legal action. One such option is the Tax Season payoff option.

**Until the 31st of March, 2017, JMC Leasing is offering a deeply discounted settlement on certain accounts. If you pay in full before March 31st, 2017, JMC will discount your payoff balance by Twenty Five Percent (25%).** This is a one-time offer, and all payments must be received by or before March 31st, 2017.

Please call JMC about the following options:

- Settling your account for 75% of the full balance;
- Tax Refund Settlement Options;
- Automatic account deductions;
- Discounted monthly payments.

JMC is willing to help you avoid legal action but you have to take the first step by calling to find which option best suits you. If you are currently involved in legal proceedings with JMC Leasing or Riable Law Firm, this Letter may not apply to you. Please call to confirm.

Time is of the essence, contact Shawna Nolan today at 501.492-7042 or 501.747.6067

Sincerely,

*Mark Austin Riable*

Class Action Complaint:
Exhibit 2

# Verification

State of Arkansas )
County of Pulaski )

Under 28 U.S.C. § 1746, Plaintiff Rickey Don Higgins, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil action.
2. I have read the foregoing Complaint prepared by my attorneys.
3. I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
4. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5. I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
6. I have filed this Complaint in good faith and solely for the purposes set forth in it.
7. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original, except that the financial account numbers in Exhibits 1 and 2 have been redacted in compliance with Federal Rule of Civil Procedure 5.2.

I declare under penalty of perjury that the foregoing is true and correct.

This 1st day of December, 2017.

Rickey Don Higgins