In the United States District Court
Eastern District of Arkansas
Western Division

Rickey Don Higgins, on behalf of himself
and all others similarly situated                                    Plaintiff

v.                    Case No. 4:17-cv-794-BSM

Riable Law Firm, Inc. d/b/a Riable Law Firm
Mark Justin Riable                                                   Defendants

# Joint Motion for Preliminary Approval

Plaintiff Ricky Don Higgins ("Plaintiff"), individually and as representative of the class of persons defined below ("Class"), and Defendants, Riable Law Firm, Inc. d/b/a Riable Law Firm and Mark Justin Riable (Riable Law Firm, Inc. d/b/a Riable Law Firm and Mark Justin Riable are collectively "Defendants"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) sets dates for Class members to opt out, object, or return a claim form; (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit 1 to Appendix A; (v) finds that the mailing of such notice satisfies due process and (vi) appoints the attorneys of Crowder McGaha, LLP as class counsel. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A. The Declaration of Richard DuBois in support of this motion is attached as Exhibit 3 to Appendix A.

1.   Plaintiff, individually and on behalf of a class, filed a lawsuit in the United District Court for the Eastern District of Arkansas, Western Division, entitled *Rickey Don Higgins, on behalf of himself and others similarly situated v. Riable Law Firm, Inc. d/b/a Riable Law Firm and Mark Justin Riable*, Case No. 4:17-cv-427-BSM, alleging that Defendants sent collection letters to alleging individually and on a class basis that Defendants sent Plaintiff and members of the Class collection letters attempting to collect on a delinquent balance on a lease agreement in violation of: (1) 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act (FDCPA) and Ark. Code Ann. § 17-24-508 of the Arkansas Fair Debt Collection Practices Act (AFDCPA) by failing to provide members of the Class a written communication within five days of their initial communication with the consumer a written notification containing: (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector; (d) a statement that if the consumer notifies the debt collection in writing within the thirty-day period that the debt, or any portion thereof, is disputed, that the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (e) a statement that upon the consumer's written request within the thirty-day period, the debt

2

collection will provide the consumer with the name and address of the original creditor, if different from the current creditor, and (2) 15 U.S.C. § 1692e(11) of the FDCPA and Ark. Code Ann. § 17-24-506(b)(11) of the AFDCPA, by failing to disclose the Defendants were debt collectors attempting to collect a debt and that any information obtained would be used for that purpose.

  2. After arms-length discussion, the parties reached a settlement to resolve the Litigation. Defendants deny violating the FDCPA, the AFDCPA, and deny all liability to Plaintiff and the Class. Defendants desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of future litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Class against Defendants in the Litigation.

  3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expenses involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

    a. <u>Class.</u> The parties agree to seek certification of the following class:

      (a) all United States residents, (ii) who were sent a letter in the

      form of Exhibit 1 or Exhibit 2, attached to the Second Amended Class Action Complaint, from Defendants, (iii) which was not returned undeliverable by the U.S. Post Office, (iv) in an attempt to collect a delinquent balance on a lease agreement, (v) between December 5, 2016 and December 4, 2017.

b. <u>Relief to Plaintiff.</u> Defendants agree to pay $2,000.00 to Plaintiff as damages for both his individual and class claims, and as an incentive award for bringing the claims on behalf of a Class;

c. <u>Class Recovery.</u> Defendants will create a class settlement fund of $22,942.00 ("Class Recovery"), which Class Counsel will distribute pro rata among class members who do not exclude themselves ("Eligible Class Members"). Checks issued to Eligible Class Members will be void after 90 days ("Void Date");

d. <u>Cy Pres.</u> If any of the settlement checks to the Settlement Class are not cashed within 30 days of the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to National Consumer Law Center as a *cy pres* award, within 30 (thirty) days following the last void date of the settlement checks.

e. <u>Attorneys' Fees and Costs.</u> Counsel for Plaintiff and the Class shall petition the Court for approval of an award of fees in the amount of $20,058.00. Pending the Court's approval, Defendants shall pay counsel for Plaintiff and the Class, that amount which

the Court deems reasonable, but not to exceed $20,058.00, as attorney's fees and costs. Defendants agree to pay costs of administration of the settlement and notices, of $2,000.00, but not to exceed $2,000.00 irrespective of the actual amount of such costs.

f.  Class Notice. Within 30 days of entry of the Preliminary Approval Order, Plaintiff's Counsel shall cause actual notice, in the form of Exhibit 1 to the Agreement, to be sent to the last known addresses of the class members, according to Defendants' records. Plaintiff's Counsel shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. If final approval is granted, the parties shall retain the class list and a list of class members who excluded themselves for six months thereafter, and may destroy them after that period;

g.  Class Members' Right to Opt Out. Any Class Member who properly files a timely written request for exclusion form the Class shall be excluded from the Class and shall have no rights as to Class Members under this Agreement. A request for exclusion must be in writing and state information, including the name, address and phone number of the person(s) or entity seeking

exclusion. The request must be mailed to Plaintiff's Counsel at the address provided in the Class Notice and received by such dates as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than then one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved. Plaintiff's Counsel shall forward copies of all requests for exclusion to Counsel for Defendants no later than seven days after the deadline for Class Members to submit such requests.

    h.    <u>Class Members' Right to Object.</u> All Class Members shall have the right to object to the Settlement. Objections must be filed with the Court by the Class member making the objection and served on all counsel of record.

4. After the Court entered its Order certifying this case as a class action, the parties conducted further discovery, which revealed 939 total members of Class 1 and Class 2. If no class members opt out or exclude themselves from the settlement, each Eligible Class Member will receive about $24.43.

5. The FDCPA and the AFDCPA caps a class's recovery at 1% of the debt collector's net worth per civil action. Based upon the financial information Defendants provided to Class Counsel and the nature of the

6

claims alleged, the parties believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court.

6. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

7. The settlement in this case complies with recent case law from the Eighth Circuit concerning class action awards and is consistent with the principles set forth in recent Eighth Circuit precedent: *Kell v. Lopez*, 862 F.3d 685 (8th Cir. 2017) and *McKeage v. TMBC, LLC*, 847 F.3d 992 (8th Cir. 2017). First, the award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA and the AFDCPA are a fee shifting statutes and the fees being awarded to Class Counsel would not come from a class fund but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA set out in 15 U.S.C. § 1692k(a)(3) and the AFDCPA set out in Ark. Code Ann. § 17-24-512(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Kell* and *McKeage*, where payment of the attorneys' fees affected the total payment to the class. Second, because of the net worth cap on class recovery in the FDCPA and the AFDCPA, Class Counsel contends the plaintiff and the class are receiving 100% of what is recoverable under the FDCPA and

the AFDCPA, in contrast to *Kell* and *McKeage* where the potential award to the class was not capped by statute and the attorneys presumably would have achieved a larger class fund by potentially reducing attorneys' fees. In this case, even if the class were to proceed to trial, it would not receive more than 1% of Defendants' net worth. The parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed. R. Civ. P. 23, and of due process.

8. <u>Schedule for Class Notice, Opt Outs, and Objections:</u> Plaintiff and Defendants request that the Court set the following schedule for the proposed Agreement:

   a. Class Notice (<u>Exhibit 1</u> to Appendix A) is to be mailed within 30 days of entry of the Preliminary Approval Order;

   b. Class Members shall have until 60 days after the initial mailing of the notice to complete and postmark either (1) a request to be excluded from the proposed settlement, or (2) an objection to the proposed settlement;

   c. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

9. In the event that there is any conflict between any provisions of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

Wherefore, the parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (a) preliminarily approves the Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves <u>Exhibit 1</u> to the Agreement as notice to the Class to be directed to the last known address of the class members as shown on Defendants' records, (d) sets dates for class members to opt-out or object and (e) schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

By: <u>/s/ Corey D. McGaha</u>
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, Arkansas 72223
Telephone: (501) 205-4026
Facsimile: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

*Attorneys for Plaintiff*

and

/s/ Robert L. Henry, III
Robert L. Henry, III
Ark. Bar No. 72054
Robert Kenny McCulloch
Ark. Bar No. 88044
THE BARBER LAW FIRM
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
rhenry@barberlawfirm.com
rkmcculloch@barberlawfirm.com

*Attorneys for Defendants*